IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**GABRIEL M. ROSS**                                                                          **PLAINTIFF**

v.                                                                               CAUSE NO. 1:21cv218-LG-RPM

**JASON PAYNE, ET AL.**                                                                  **DEFENDANTS**

## ORDER OF DISMISSAL FOR LACK OF PROSECUTION

**THIS MATTER IS BEFORE THE COURT** *sua sponte*. *Pro se* Plaintiff Gabriel M. Ross, an inmate of the Jackson County Adult Detention Center in Pascagoula, Mississippi, brings this Complaint pursuant to 42 U.S.C. § 1983. Ross failed to pay the filing fee or file a completed application for leave to proceed *in forma pauperis* ("IFP").

The IFP statute requires a prisoner seeking leave to proceed without prepayment of the filing fee to "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915 (a)(2). Ross did not submit a trust fund account statement or institutional equivalent.

On June 24, 2021, the Court entered an Order directing Ross, on or before July 26, 2021, to pay the required filing fee or file a completed *in forma pauperis* application. (Order, 1, ECF No. 4). The Order provided a blank IFP application

including a "Certificate to Be Completed by Authorized Officer" of prison accounts to serve as the institutional equivalent of a trust fund account statement. (*Id.* at 3–5). The Order also provided that if Plaintiff is unable to obtain this information he may file an "affidavit specifically stating the name of the prison official contacted concerning the Certificate and why this information is not provided to this court." (*Id.* at 1). The Order warned Ross that his failure to timely comply with the requirements of the Order may lead to the dismissal of his complaint. (*Id.*)

When Ross failed to comply, the Court entered an Order to Show Cause, directing Ross to show cause by August 24, 2021, why this case should not be dismissed for his failure to obey the Court's prior Order. (Order to Show Cause, 1, ECF No. 7). The Order to Show Cause also directed Ross, on or before August 24, to pay the filing fee or file a completed IFP application. (*Id.*). Ross filed two unresponsive letters on August 13, 2021, failing to comply with the Court's Orders.

On September 8, 2021, the Court entered a Second Order to Show Cause directing Ross to show cause by September 22, 2021, why this case should not be dismissed for failure to obey the Court's prior Orders. (Second Order to Show Cause, 1, ECF No. 10). The Second Order to Show cause also directed Ross, on or before September 22, to comply with the prior Orders by paying the required filing fee or filing a completed IFP application. (*Id.* at 1–2). On September 13, 2021, Ross filed copies of letters and various discovery documents, but he failed to pay the filing fee or file an IFP application that supplies the information required by the

2

IFP statute, 28 U.S.C. § 1915.

Since Ross is proceeding *pro se*, he was provided one final opportunity to comply with the Court's Orders before the dismissal of this case. On October 6, 2021, the Court entered a Final Order to Show Cause, directing Ross to show cause by October 20, 2021, why this case should not be dismissed for failure to obey the Court's prior Orders. (Final Order to Show Cause, 2, ECF No. 15). The Court ordered Ross, for the fourth time, to pay the filing fee or file a completed IFP application. The Final Order to Show Cause directed Ross to comply by October 20, and specifically warned Ross that his "failure fully comply with this Order in a timely manner will result in the dismissal of this case, without further notice to the Plaintiff." (*Id*.). On November 8, 2021, Ross filed a document titled "Motion for Subpoena" wherein it appears he is requesting the appearance of one of the Defendants at a hearing. (Mot., 1, ECF No. 16). To date, Ross has not paid the filing fee or filed an application to proceed IFP that complies with 28 U.S.C. § 1915.

Ross has failed to comply with four Court Orders. The Court clearly warned Ross on numerous occasions that failure to comply with Orders would lead to the dismissal of this case. (*See* Final Order to Show Cause, 2, ECF No. 15; Second Order to Show Cause, 2, ECF No. 10; Order to Show Cause, 2, ECF No. 7; Order, 1–2, ECF No. 4; Notice of Assign., 1, ECF No. 1–2).

This Court has the inherent authority to *sua sponte* dismiss an action for a plaintiff's failure to prosecute or to obey the court's orders. *Link v. Wabash R.R.*,

3

370 U.S. 626, 629–31 (1962); *see also McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988) (affirming *sua sponte* dismissal of prisoner's § 1983 case for failure to comply).   The Court must be able to clear its calendar of cases that remain "dormant because of the inaction or dilatoriness of the parties seeking relief[,] . . . so as to achieve the orderly and expeditious disposition of cases."   *Link*, 370 at 630–31.   Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."   (*Id.* at 629–30).

The Court directed Ross on four separate occasions, starting on June 24, 2021, and again in August, September, and October, to pay the required filing fee or file an IFP application that complies with 28 U.S.C. § 1915.   Ross continues to file unresponsive letters and discovery type documents but fails to comply with the Court's clear directives.   Ross's conduct warrants dismissal of this civil action. *See, e.g., Dunn v. Farrell*, 598 F. App'x 332, 333 (5th Cir. 2015) (affirming *sua sponte* dismissal of § 1983 case for failure to comply noting the prisoner's "ability to file numerous other pleadings during the relevant time frame" while failing to comply with the district court's "explicit directive" appears to be "willful and intentional").

Additionally, as the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution," instead such efforts have proven futile. *See Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005) (quoting

4

*Berry v. CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).   Dismissal without prejudice is warranted.

Accordingly,

**IT IS THEREFORE ORDERED AND ADJUDGED** that this lawsuit is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 22nd day of November, 2021.

s/ *Louis Guirola, Jr.*<br>LOUIS GUIROLA, JR.<br>UNITED STATES DISTRICT JUDGE